IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

KARINA LEONARD,

    Plaintiff,

v.

TREASURE COAST HEALTH COUNCIL, INC.
d/b/a HEALTH COUNCIL OF SOUTHEAST FLORIDA,
a Florida not for profit corporation,

    Defendant.
_____/

## COMPLAINT

COMES NOW Plaintiff, KARINA LEONARD, [herein referred to as "Plaintiff"], by and through her undersigned attorney and hereby files this Complaint against Defendant, TREASURE COAST HEALTH COUNCIL, INC. d/b/a HEALTH COUNCIL OF SOUTHEAST FLORIDA, a not for profit corporations and as grounds therefore alleges as follows:

### JURISDICTION, PARTIES AND VENUE

1. This matter in controversy concerns unpaid overtime payments, liquidated damages, and attorney's fees.

2. This is an action for damages and is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207 ("FLSA"), for unpaid overtime.

3. This court has original jurisdiction over this matter insofar as the matter involves a federal question, namely violation of 29 U.S.C. §216(b).

4. Plaintiff, KARINA LEONARD is a resident of Palm Beach County, Florida.

5. Defendant, TREASURE COAST HEALTH COUNCIL, INC. d/b/a HEALTH COUNCIL OF SOUTHEAST FLORIDA has a principal address at 600 Sandtree Drive, 101, Palm Beach Gardens, Florida 33403.

6. This cause of action arose in Palm Beach County.

7. Palm Beach County, Florida is proper venue for this action because Plaintiff resides in Palm Beach County and at all times material hereto, Plaintiff was employed by and had dealings with Defendant in Palm Beach County, Florida.

8. Defendant, failed to pay Plaintiff the mandatory wages as required under state and federal law.

9. Defendant, at all times material hereto, was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the Act.

## COMMON ALLEGATIONS

10. Plaintiff was hired by Defendant for the position of health planner on or about May 22, 2017.

11. On or about August 16, 2017, Plaintiff was promoted to the position of program manager which was her position up to and including her separation on September 18, 2018.

12. As the program manager, Plaintiff's did not have primary duty of supervising or managing such that she was a non exempt employee who worked much of her tenure under a supervisor.

13. Plaintiff's responsibilities included completing reports, data entry, assisting with planning events under strict guidance of her supervisor.

14. Plaintiff's position with Defendant did not allow for Plaintiff to exercise discretion or judgment necessary to be an exempt employee.

15. Plaintiff regularly worked over forty (40) hours in a given work week.

16. Defendant failed to pay Plaintiff the mandatory wages as required under state and federal law.

17. Defendant failed to pay Plaintiff overtime as required by Federal law.

18. Plaintiff is a non-exempt employee under the FLSA.

19. Plaintiff was not paid time and one half his hourly rate for hours worked over forty (40) in a work week.

20. Plaintiff's job duties were such that she herself was individually engaged in commerce.

## COUNT I
## UNPAID OVERTIME
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207

Plaintiff re-alleges Paragraphs 1 through 20 as set forth herein.

21. Plaintiff is a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

22. Plaintiff worked in excess of forty (40) hours per week for several of the work weeks she was employed with the Defendant.

23. Plaintiff worked in excess of forty (40) hours per week without being compensated for any overtime benefits by the Defendants.

24. Defendant, failed to compensate Plaintiff up to one and a half times her hourly rate for all worked performed in excess of forty (40) hours.

25. The Defendant's failure to properly compensate Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207.  Plaintiff is aware of hours for which she was not compensated in the preceding period of time.

26. Defendant's failure to pay Plaintiff overtime was the result of intentional, willful misconduct,

such that Plaintiff is entitled to overtime payments for the entire preceding period.

27. As a direct and proximate result of the Defendant's actions, Plaintiff has obtained counsel to represent her in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter.  As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

28. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered damages.

29. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in her favor and against the Defendant as follows:  The Plaintiff be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury on all issues so triable.

Dated this 8th day of August 2019.

               SCOTT WAGNER & ASSOCIATES, P.A.
               Jupiter Gardens
               250 South Central Boulevard
               Suite 104-A
               Jupiter, FL 33458
               Telephone: (561) 653-0008
               Facsimile: (561) 653-0020

               s/Cathleen Scott
               Cathleen Scott, Esq.
               Florida Bar Number 135331
               Primary e-mail: CScott@scottwagnerlaw.com

Secondary e-mail: mail@scottwagnerlaw.com
Secondary Address: 101 Northpoint Parkway
West Palm Beach, FL 33407
www.ScottWagnerLaw.com